O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ROGELIO PEREZ,                          §
                                        §
          Plaintiff,                    §
VS.                                     §    CIVIL ACTION NO. L-05-131
                                        §
JOHN E. POTTER,                         §
                                        §
          Defendant.                    §

## ORDER

Pending before the Court is Petitioner Rogelio Perez' Request for Entry of Default & Default Judgment.  [Dkt. No. 4].  Upon due consideration of the pleadings, the record and the relevant authorities, the Court DENIES Petitioner's Request for Entry of Default & Default Judgment.

Petitioner Rogelio Perez has requested the clerk of the Court to enter default and has requested from the Court default judgment against "defendant."  [Dkt. No. 4 at 1].  Defendant in this case is John E. Potter, Postmaster General, United States Postal Service (Southwest Area Agency).  Defendant Potter was properly served by certified mail on July 5, 2005.  *Id.* at 5.  Service by certified mail is proper pursuant to the law of the state of Texas.  *Compare* FED. R. CIV. P. 4(e)(1) ("service upon an individual . . . may be effected . . . pursuant to the law of the state in which the district court is located") *and* TEX. R. CIV. P. 21a ("every pleading . . . may be served . . . by certified mail, to the party's last known address").  Defendant Potter has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.  FED. R. CIV. P. 12.  It has been over 20 days since Defendant Potter was served.

Ordinarily, the Court would enter default against Defendant Potter because he has failed to defend within the 20 day statutory period. *Compare* Fed. R. Civ. P. 55(a) *and* Fed. R. Civ. P. 12(a)(1). However, such an entry would be at best precatory. A quick examination of Petitioner's Original Complaint reveals that Petitioner has failed to state a claim against Defendant Potter. Rather, the claims mentioned by Petitioner are against the United States Postal Service. Accordingly, an entry of default against Defendant Potter would be of no effect. The Court does not make advisory motions or create rulings on nonexistent controversies. Therefore, Petitioner's Request for Entry of Default & Default Judgment is DENIED. Because Petitioner's Request for Entry of Default & Default Judgment is denied, Petitioner's request for a hearing to establish damages is DENIED as MOOT.

Petitioner does make certain curious references to Defendant United States Postal Service in his Request for Entry of Default & Default Judgment. The United States Postal Service is not a defendant. To be a proper defendant, a defendant's name must appear in the title of the action setting forth the complaint. Fed. R. Civ. P. 10(a). The United States Postal Service does not appear in the title of Petitioner's Original Complaint. Moreover, Defendant United States Postal Service does not appear in the "Parties" section of Petitioner's Original Complaint. Accordingly, Defendant United States Postal Service is not a party in this case.

Furthermore, assuming *arguendo* that Defendant United States Postal Service was a party in this case, Petitioner would not be entitled to entry of default or default judgment against the United States Postal Service because the United States Postal Service would not have been properly served. Under Federal Rule of Civil Procedure 4(i)(2)(A) and 4(i)(1)(A), both the United States Postal Service and an appropriate representative of the United States Attorney have to be served. Both persons would then have sixty (60) days to answer. Fed. R. Civ. P. 12(a)(3).

Service upon Defendant Potter indicated that he had twenty (20) days to respond.  If he was being served on behalf of the United States Postal Service, he would have sixty (60) days to respond.  Therefore, if Defendant Potter were representing the United States Postal Service, service upon him would be improper.  In addition, no appropriate representative of the United States Attorney was served prior to the filing of Petitioner's Request for Entry of Default and Default Judgment.  Accordingly, the United States Postal Service would not have been properly served.  Therefore, entry of default against the United States Postal Service would be improper. Petitioner's Request for Entry of Default & Default Judgment against the United States Postal Service is likewise DENIED.

IT IS SO ORDERED.

DONE this 4th day of August, 2006, in Laredo, Texas.


_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**