O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **ROGELIO PEREZ**, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 5:05-cv-131 |
| | § | |
| **JOHN E. POTTER, as Postmaster** | § | |
| **General; and UNITED STATES POSTAL** | § | |
| **SERVICE**, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## OPINION & ORDER

Pending before the Court is Defendants' Motion to Dismiss and, in the Alternative, Motion for Summary Judgment. [Dkt. No. 22]. Upon due consideration of the filings and the governing law, the Court GRANTS in part and DENIES in part Defendants' Motion.

### I.     PROCEDURAL BACKGROUND AND RELEVANT FACTS

In 1999, Plaintiff Rogelio Perez was tentatively selected for the position of rural carrier associate (RCA) for the United States Postal Service (USPS). [Dkt. No. 22-3 at 4]. Several months later, after a series of medical examinations revealed that he suffered from pre-existing knee problems, USPS informed Plaintiff that he was no longer a candidate for the position. [Dkt. No. 22-3 at 4]. Perez ultimately filed a complaint with the Equal Employment Opportunity Commission (EEOC), claiming employer discrimination on the basis of disability, in violation of the Rehabilitation Act, codified as 29 U.S.C. § 701 *et seq*. Finding in Plaintiff's favor, the EEOC awarded him: (1) $20,000 in non-pecuniary damages; (2) the

position of RCA; (3) attorney fees; and (4) back pay for the "relevant time period"—*i.e.*, the time period during which Plaintiff would have been employed as an RCA had he not been wrongfully passed over. [Dkt. No. 22-3 at 9]

Subsequent to his victory, Plaintiff complained that USPS was not calculating correctly the back pay to which he was entitled per the remedial portion of the EEOC's order. Specifically, Plaintiff argued that the calculation of his back pay should: (1) be based on a forty-hour work week; (2) should take into account promotions and salary increases Plaintiff might have received during the relevant time period; (3) should take into account "benefits," such as sick leave, Plaintiff would have enjoyed during the relevant time period; and (4) should not be reduced by the amount of workers' compensation benefits he received subsequent to being denied the position. [Dkt. No. 22-6].

Among other things, the EEOC concluded that Plaintiff's workers' compensation benefits could be deducted from his back pay but only insofar as those payments represented the wages he lost as a result of being denied the RCA position. Additionally, the EEOC rejected Plaintiff's claim that his back pay should be based on a forty-hour work week or presumptive pay raises and promotions. [Dkt. No. 22-6]. Based on the foregoing, the EEOC ordered the USPS to recalculate Plaintiff's back pay.

On June 3, 2005, Plaintiff filed suit in federal district court. [Dkt. No. 1]. In his First Amended Complaint, Plaintiff claims: (1) that USPS failed to properly calculate his back pay consistent with the most recent EEOC order; and that (2) USPS should be required to calculate Plaintiff's back pay based on a forty hour work week and hypothetical salary increases.

On February 1, 2007, Defendants filed the Motion to Dismiss now before the Court, arguing, first, that the United States Postal Service is not a proper party to this suit and therefore, as a matter of law, all claims against it must be dismissed; and, second, that the factual averments in Plaintiff's complaint fail to state a claim upon which relief can be granted. [Dkt. No. 22].

## II.   DISCUSSION

### A.  The Propriety of the United States Postal Service as a Party

The Fifth Circuit has interpreted 29 U.S.C. § 794a(a)(1)[1] as establishing the sole method by which one may vindicate a violation of the Rehabilitation Act in the federal courts; one must utilize the process established in Title VII of the Civil Rights Act of 1964, codified as 42 U.S.C. § 2000e *et seq*. *See Gomez v. Department of Air Force*, 869 F.2d 852, 855 (5th Cir. 1989) ("Gomez's handicap discrimination claim would also be subject to Title VII if it were raised in federal court."); *Lamb v. United States Postal Service*, 852 F.2d 845, 846 (5th Cir. 1988) ("[Section] 2000e-16(a)-(c) . . . provides the exclusive remedy for the employment discrimination claims of federal employees."); *Wiggins v. United States Postal Service*, 653 F.2d 219, 220 (5th Cir. 1981) ("Since Wiggins relies for his discrimination claim on . . . the Rehabilitation Act . . . he may seek review of the Board's decision only by filing an action in accordance with section 717(c) of the Civil Rights Act of 1964 . . . ."); *Kurth v. Gonzales*, 469 F. Supp. 2d 415, 423 (E.D. Tex. 2006) ("The Rehabilitation Act adopts by reference the

---

[1]"The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), including the application of sections 706(f) through 706(k) (42 U.S.C. § 2000e-5 (f) through (k)), shall be available, with respect to any complaint under section 501 of this Act [29 U.S.C. § 791], to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint."

3

enforcement scheme and administrative remedies established for federal employees in Title VII cases."). Put differently, although Title VII expressly prohibits discrimination based on immutable characteristics such as race, the Rehabilitation Act supplements Title VII with the additional right of individuals to be free from discrimination based on disability. *See Ynclan v. Department of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991) ("Although Title VII does not itself prohibit dismissal due to handicap, 29 U.S.C. § 794a explicitly makes available to private litigants the provisions of 42 U.S.C. § 2000e-16 in order to secure remedies for violations of the Rehabilitation Act . . . .").

Section 2000e-16(c) of Title VII "requires that . . . suits against government employers be brought against 'the head of the [respective] department. . . .'" *Ynclan*, 943 F.2d at 1390. Thus, the Fifth Circuit has "unequivocally adopted the rule that the only proper defendant in a Title VII action against the Postal Service is the Postmaster General." *Lamb*, 852 F.2d at 847. Accordingly, the United States Postal Service is not a proper party to this suit.

### B.  Plaintiff's Claims

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted."  Dismissal is warranted when it is clear that a plaintiff can "prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)). In evaluating the sufficiency of the pleadings, a court treats all well-pleaded facts as true, "viewing them in the light most favorable to the plaintiff." *Id*. (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)). A court should not dismiss a claim unless the plaintiff would not be entitled to relief under "any set of facts

or any possible theory that he could prove consistent with the allegations in the complaint." *Id*. (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)).

Although Plaintiff claims he seeks merely to *enforce* the EEOC's remedial order, a plain reading of his complaint makes it patently obvious that he seeks an effective reversal of the EEOC's adverse remedial conclusions.

As Defendants explain, although the Fifth Circuit has hereto not taken a position, most circuits to have addressed the issue have held that a plaintiff cannot attack his administrative remedy in federal court without once again placing at issue his employer's underlying liability for discrimination. *Laber v. Harvey*, 438 F.3d 404, 423 (4th Cir. 2006) ("Title VII does not authorize a federal-sector employee to bring a civil action alleging only that the . . . remedy was insufficient."); *Scott v. Johanns*, 409 F.3d 466, 471 (D.C. Cir. 2005) ("Under Title VII, federal employees who secure a final administrative disposition finding discrimination and ordering relief have a choice: they may either accept the disposition and its award, or file a civil action, trying *de novo* both liability and remedy. They may not, however, seek *de novo* review of just the remedial award . . . ."). *Timmons v. White*, 314 F.3d 1229, 1234 (10th Cir. 2003) ("[A] plaintiff who has brought a civil action under § 2000e-16(c) is not entitled to limit the district court's review to the issue of remedy only."). In other words, it's all or nothing: if Plaintiff seeks from this Court remedies beyond those awarded by the EEOC, he must take the risk that the Court will find he did not suffer discrimination in the first place.

Defendants essentially argue that because Plaintiff does not seek merely to enforce the EEOC's order, but also demands supplementation thereof, the "claim" Plaintiff asserts is not one "upon which relief can be granted" because Plaintiff does not place at issue whether he was discriminated against on the basis of disability. As mentioned above, the Fifth Circuit has

5

not announced whether it, like other circuits, would accept Defendants' proposition. Nevertheless, other district courts within this circuit have assumed the Fifth Circuit will likely follow the clear trend in the case law discussed above. *See Mayfield v. United States Dep't of Veterans Affairs*, 2007 U.S. Dist. Lexis 13318 (E.D. La. 2007). Likewise, this Court sees no reason why the Fifth Circuit would pave a path different than that of the Fourth, Tenth, and District of Columbia Circuits. Accordingly, Plaintiff's complaint, insofar as it attacks the remedies awarded by the EEOC without placing USPS's underlying liability at issue, fails to state a claim upon which relief can be granted .

Notwithstanding the facial invalidity of Plaintiff's complaint, the Court concludes (and Defendants imply by the very nature of their argument) that Plaintiff's complaint *would* state a claim were he willing to subject the issue of USPS's liability to *de novo* review. As such, the Court concludes that outright dismissal is not appropriate. Rather, Plaintiff will have the opportunity to re-plead. That is, Plaintiff is now faced with a dichotomy: he may either sue *only to enforce* the remedial provision of the EEOC's order, or he may seek a *de novo* review of both the liability and remedial conclusions of the EEOC.

### III.   CONCLUSION

Defendants' Motion to Dismiss, [Dkt. No. 22], is **GRANTED** with respect to the United States Postal Service, since USPS is not a proper party to this suit. With respect to Plaintiff's claims against Defendant Potter, Defendants' Motion to Dismiss for failure to state a claim is **DENIED**. Rather, Plaintiff is **ORDERED** to file with the Court within 30 days an amended complaint that either omits demands for remedial action not ordered by the EEOC, or states a

claim of unlawful discrimination. Should Plaintiff fail to timely comply, the Court will dismiss his suit with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

IT IS SO ORDERED.

Done this 3rd day of July, 2007, in Laredo, Texas.

 

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**