O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| **ROGELIO PEREZ**, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 5:05-cv-131 |
| | § | |
| **JOHN E. POTTER, as Postmaster General; and UNITED STATES POSTAL SERVICE**, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## OPINION & ORDER

Plaintiff Rogelio Perez recently won administrative relief from the Equal Employment Opportunity Commission based on his claim that Defendant United States Postal Service unlawfully discriminated against him on the basis of physical disability, in violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq*. [Dkt. No. 22-3 at 9]. On June 3, 2005, Plaintiff filed suit in federal district court, arguing that USPS has failed to comply with the remedial portion of the EEOC's order, and that he is entitled to remedies beyond those awarded to him by the EEOC. [Dkt. No. 1]. The Court thereafter issued an Opinion & Order concluding that because Plaintiff's complaint failed to state a cause of action, it was subject to dismissal if Plaintiff failed to re-plead. [Dkt. No. 35]. The Court is currently awaiting Plaintiff's amended complaint.

Prior to the Court's ruling, Plaintiff filed his Motion for Partial Summary Judgment, which currently remains pending. [Dkt. No. 23]. Obviously, if Plaintiff has failed to state a claim, he certainly is not entitled to summary judgment. Importantly, however, for wholly independent reasons, Plaintiff's Motion must be denied.

First, Plaintiff's Motion consists of two pages—a conclusory assertion that Defendants have failed to comply with the EEOC's remedial order, without *any* reference to supporting evidence. Thus, Plaintiff blatantly ignores his summary judgment burden of *demonstrating* the absence of genuine fact issues as to each element of his claims. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 263 (1986). Indeed, since Plaintiff will bear the burden of proof at trial as to all of his claims, his summary judgment burden is unusually hefty. *See Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir. 1995) ("If the moving party bears the burden of proof at trial, it must demonstrate that on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."); *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir.1991) (en banc) ("When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial."); *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) ("[P]articularly where . . . the moving party is also the party with the burden of proof on the issue . . . the movant . . . [must] . . . satisf[y] its burden of demonstrating there is no genuine dispute on *any* material fact.") (emphasis added); *Wasserman v. Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (stating that, in this circumstance, the moving party bears "the burden of supporting their motions "with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial." (citing *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting))); *Chaplin v. Nationscredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) ("To obtain summary judgment, if the movant bears the burden of proof on an issue . . . he must establish beyond peradventure all of the essential elements of [his claim] to warrant judgment in

his favor."). Second, it is rather clear that evidence conclusively showing Defendants' liability simply does not exist in the record.

Accordingly, Plaintiff's Motion, which amounts to little more than a passing and perfunctory request for summary judgment, warrants summary rejection: it is **DENIED**.

IT IS SO ORDERED.

Done this 16th day of July, 2007, in Laredo, Texas.

$\qquad$
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**